**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_2nd Amenment_

Eloise Jackson  **Plaintiff(s)**

vs.

Infitee Inc.  **Defendant(s)**

Civil Case No.:
_Amendment Filed on 1/4/16_
**CIVIL COMPLAINT**
**PURSUANT TO**
**TITLE VII OF THE**
**CIVIL RIGHTS ACT,**
**AS AMENDED**

_5:15-CV-894_

Plaintiff(s) demand(s) a trial by: ____ JURY ____ COURT  (Select **only** one).

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JAN 4 2016
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

## JURISDICTION

1.    Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2.    Plaintiff: _Eloise Jackson_

Address: _6112 Cobblestone Drive Apt #G4_
_Cicero, NewYork 13039_

Additional Plaintiffs may be added on a separate sheet of paper.

3.    a.    Defendant: _Infitee INC._

Official Position: _owners/managers_

Address: _6500 Badgley Road_
_Syracuse, NewYork 13220_

b.    Defendant: _____

       Official Position: _____

       Address: _____

                 _____

                 _____

4.    This action is brought pursuant to:

      _____ Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

      _____ Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5.    Venue is invoked pursuant to 28 U.S.C. s 1391.

6.    Defendant's conduct is discriminatory with respect to the following (check all that apply):

      (A) _____ My race or color.
      (B) _____ My religion.
      (C) _____ My sex (or sexual harassment).
      (D) _____ My national origin.
      (E) _____ My pregnancy.
      (F) ✓ Other: _disability_.

7.    The conduct complained of in this action involves:

      (A) _____ Failure to employ.
      (B) _____ Termination of employment.
      (C) _____ Failure to promote.
      (D) _____ Unequal terms and conditions of employment.
      (E) _____ Reduction in wages.
      (F) ✓ Retaliation.
      (G) _____ Other acts as specified below:

                 _____

                 _____

I went to see MR. Joe Cote (Attorney) in August. About the matter at hand. We discussed everything about my case. We came the conclusion, this wasn't about RACE. But it was more about my disability discrimination.

The company on more than one occassion, always told me, they pay me to WALK the floor and watch the people. When I brought it to the Attention of owners and managers, that I felt I was being treated unfairly, the retaliation started, and any and everything I did was frowned on. So on 3/31/14 I left the company.

This is my second Amenment I have filed. 1st on 9/22/15, so I resummiting all of my original paper work. There is also The Right To Sue Letter with paper work.

8. **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

I was retaliated against, because I went to my manager on 3-10-14, told him i felt I was being treated different from some other employers. And this point retaliation started. I was called in the office for various resons, until i felt I was forced into quitting. It was at this point being repurmendand for the way I handle a (2) day supension with a employyer. They wanted me to sign a paper, and refused. And I left the company.

9. **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

I was told on many occassion, when I complained of leg pain, thats what we pay you for, is to walk arround, I went to the doctors on 11/25/13 Because. I felt they constanly would remind of this, and it continue, until the day I left the company.

**SECOND CAUSE OF ACTION**

See Attached documents

**THIRD CAUSE OF ACTION**

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

3 - 7 -14
(Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:

5 - 27 - 15
(Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 846-2014-20819 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Eloise Jackson** | **(315) 699-2062** | REDACTED |

| Street Address | City, State and ZIP Code |
|---|---|
| **6112 Cobblestone Drive, Apt G4, Cicero, NY 13039** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **INFITEC, INC.** | **15 - 100** | **(315) 433-1150** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6500 Badgley Road, Syracuse, NY 13220** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-01-2013**  Latest **03-31-2014**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Qualified Individual with a Disability. On or about February 8, 1988, I began employment with Respondent. My last position there was Floor Supervisor.

In or about March 2013, Bob Fernandez became the Floor Manager. From that time forward, I was subjected to undue scrutiny and discipline that other co-workers did not have to face. Each time I took leave, he would re-arrange things so that I would have no idea what is going on when I returned.

On or about November 25, 2013, I submitted to Respondent a note from my physician stating that I cannot walk constantly for eight hours per day. Fernandez told me that that is my job and refused to engage with me as to how to accommodate my disability.

In about March 2014, I complained to Respondent that I believed that I was being discriminated against because of my disability and my race/black. On or about March 10, 2014, I was called into a meeting with George Ehgartner, Sr. and Jr., owners, and Fernandez in which they told me that I made serious accusations and that they had a problem with my complaint.

On or about March 31, 2014, I was again called to a meeting in which I was given an ultimatum in which I was to sign a waiver that indicated that I was not discriminated against or I must resign. I resigned because I refused to sign such a document.

I believe that I have been subjected to this hostile, offensive, and intimidating work environment, unfairly disciplined, denied a reasonable accommodation, and compelled to resign because of my disability, my race/black, and in retaliation for making a complaint of discrimination, in willful violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
|       **X** _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____ Date     *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

Eloise Jackson
6112 Cobblestone Drive, Apt. G4
Cicero, NY 13039

Re:   EEOC Charge No.: 846-2014-20819
      Eloise Jackson v. Infitec, Inc.

Dear Ms. Jackson:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted. You allege that you were harassed and constructively discharged because of your race/black, your disability, and in retaliation for making a complaint.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Investigator Jeremy Boyd at (716) 551-3855 if you have any questions.

Sincerely,

for

John E. Thompson Jr.
Director
Buffalo Local Office

Date:  APR 2 8 2015

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Eloise Jackson<br>6112 Cobblestone Drive, Apt G4<br>Cicero, NY 13039 | From: **Buffalo Local Office**<br>**6 Fountain Plaza**<br>**Suite 350**<br>**Buffalo, NY 14202** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2014-20819** | Jeremy M. Boyd,<br>**Investigator** | **(716) 551-3355** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*John E. Thompson*        **APR 2 8 2015**

Enclosures(s)

John E. Thompson,
Local Office Director        *(Date Mailed)*

cc: **INFITEC, INC.**
c/o Jacqueline B. Jones
**MACKENZIE HUGHES, LLP**
**101 South Salina Street**
**Suite 600**
**Syracuse, NY 13202**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):** •

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the **operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting if** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**Conversation held on March 10, 2014 between Eloise Jackson and Bob Fernandez**

At approximately 8:40 am on Monday, March 10, 2014, Eloise Jackson came into the Production Office requesting a closed door meeting with me. The purpose of the meeting was to hear her concerns regarding certain issues that she was having regarding her job. The first thing that she wanted to inform me was that she had plans on speaking with George Sr; George Jr; and Kim regarding her issues as soon as they were available. Before our conversation proceeded, I informed her that Kim would be unavailable for the week, due to her being out of town on vacation. She said that she would still have words with Sr and Jr. At this time, she made the following statements to me:

- She has found it more and more difficult to come to work because she feels that she is underappreciated and that some of four of her fellow co-workers are harassing her by making statements about her. She went on to name the four employees as Donna Kelley; Pat Parker; Cindy Featherly, and Christine Boland. She also stated that she heard about these comments from someone who utilizes facebook (not her), and informed Eloise that comments were being posted about her.

- Eloise stated that if the comments continue, she would "do what she had to do", which would include utilizing the legal system because she is, in her mind, being harassed in the workplace. She went on to say that if they want to continue it, she would take them to court "and own their houses".

- Eloise stated, and she has in the past, that when she came back to work for Infitec, there was a lot of money being wasted because people would not "work for their money". She specifically mentioned Donna, Pat, and others spending at least an hour or two a day in the Production Office wasting time. She also brought up Bob Walters utilizing the men's room excessively on a daily routine.

- She overheard comments being made in Kim's office regarding her performance. These comments occurred, according to her, on or around November 1st of 2013.

- Kim should not be making comments regarding her performance, especially since she has no idea what her job entails on a daily basis. She went on to say that she wouldn't tell Kim how to do her job.

- When she came back to work for Infitec, she had planned on it being only for the summer. But once she thought about the "extra duties" that the bus company was putting on their drives, she decided to stay.

- The comments being made about her ability to train people are unfair, especially due to all the running around the floor that she has to do on a daily basis.

- She sees Donna sitting for two hours a day at her work station in the Surface Mount area just wasting time. She said that she doesn't just sit around and do nothing, even though she has a doctor's excuse that enables her to sit whenever she feels the need.

- The main reason that she took time off last week was due mainly because of the above issues (although it is true her daughter needs a follow-up procedure based on testing performed last week).

- In her words, ever since I was hired., it appears that efforts are being made to get rid of her.

# CNY FAMILY CARE
4939 Brittonfield Parkway
East Syracuse, NY 13057
315-463-1600

November 25, 2013

Ref: Eloise Jackson
8055 Pickett Lane
Cicero, NY 13039

To Whom It May Concern:

Above named patient is currently in my care and has chronic knee pain. I see it medically suitable for patient to have a rest period if needed at any time in the day while working.

Sincerely,

Joseph P. Augustine, M.D.

On 3/10/14

I had a closed door meeting with the Production manager
Bob Fernandaze, and expressed some of my concerns & feelings
about whats going on, and how I felt. Regarding the letter
he wrote, some things said were not truthful, on his
behalf, he wasn't taking notes as we spoke but seemed
to remember everything I said. And then later I had
a closed door meeting with George Sr., George Jr., & Bob Fernandaze
I was told at this point that, "face book" wasn't proof, which
I could surly understand that, but I do have proof, written
documention & signed by each individual, that also know the
level of harassment I have endured, from certain people.

Elise Jenkins
3/20/14

For the past 2.5 yrs., I feel that I have been harassed, by certain people within the company, which has lead things to this point. But I have noticed each + everytime that I take any time off, it seems to have gotten worse in the last year. This has caused stressful + strained enviroment, with some of my co-workers. But I feel the company knew there was a problem, with some people. I know whats going on has it been fair. I was told that I pick on certain people, but most of these people are veteran employees. But for each + every indivivual working on the floor, if they was dealing with, these things on a daily basics, I would hope they would do exactly what I have done, take a few days to calm down + get themselves together.

I would like to think, the "open door policy", is really open Door. But most of the time "I feel it is closed."

I dont wont feel the level of harassment, undo stress, r discrimination that I am feeling.

Elouse Jackson  3/20/14

3/26/14
@ 10:40 am
I was called up front for a meeting

Present, was myself
Big George, Kim, Bob F.
I was told if I see anything, in the stors dept, surface mount
department, I am not to say anything, to those people, in those
department, I am to let Bob Fernandoze, Know it seems as
if the discrimination, Keeps happening, Because I caught Donna Kelly,
reading personal Emails on her job computer @ 7:15 am  wed 3/26/14.

On 3/26/14 at 11:30, I was called to a meeting with Kim & Bob
Kim Being our HR department
Bob Being our Plant manager
and was told that for now on I was to go to Bob and not eloise Jackson if I need or report any thing that happens on the floor.
eloise is the Supervisor of the floor. I was going to her if I needed any thing now that has Changed.

Patricia McConnell

On 3/31/14 around 2:30 me Patty McConnell Donna Kelly, Pat Parkes Bob our manager, Kim HR george Jr george sr. were in the office in a meeting. We were told eloise Jackson quit, he asked if we new what was going on, then he made a remark I hope no one here is involved or it will get ugly.

Patricia McConnell
3/31/14

To whom it may concern,

    I am writing this letter in fairness to Eloise Jackson. Before Eloise started working at Infitec I had never met her; I had heard a lot of bad things about her from people who said they worked with her here years ago. They said things like they didn't want her working here again that she was a slave driver and they considered her a Bitch. Rumors spread quickly around this small company and pretty soon people who didn't even know her made up their minds that they didn't like her right from the start, and I thought that was unfair to her.

    When Eloise did start she was the floor supervisor. As a person who took her position seriously she put a stop to things like people playing on the internet during working hours, talking and texting from cell phones , and generally had people doing what they were getting paid to do. She was fair about things that I saw and there was no favoritism shown to anybody. To me she seemed like a plant manager and a lot more work flowed through the factory unlike before she started. Since then they have hired a manager named Bob. He seemed to have taken some of the pressures off of Eloise and at that time treated her like a supervisor. Now that time has past Bob has cultivated a little click and the people in his click were the ones who didn't like Eloise and who were trashing her before she started working here. Bob would openly discuss issues on the factory floor about other departments with Donna Kelly, who is in his click, as if she was the supervisor.

    When Eloise has taken her vacations, three different times that I know of, there are two people: Cindy Featherly and Christine Boland, who work in Eloise's area who went to Donna each time with complaints about Eloise and some other people that they didn't like. Donna then went to Bob, what they talked about I don't know. Next thing I did know was things started changing in Eloise's area before Eloise even came back from her vacation. Each time Eloise went on vacation things were changed in her department and she didn't know what she was walking into. Bob took whatever Donna told him and ran with it. He didn't give Eloise any respect or even wait to discuss things with Eloise first before making changes in her area. He singled out Eloise's area and hasn't made any changes in any other areas.

    I feel Eloise Jackson hasn't been treated fairly and I'm afraid I'm going to end up losing my job over this and I can't afford that.

Respectively submitted.

*Patricia a. McConnell*
*March 16, 2014*

March 18, 2014

*Over the past few years I have noticed a certain disregard for the position that Eloise Jackson holds at our company from co- workers and management.*

*Since day one , Eloise has been quietly demeaned by other employees  and it doesn't seem to be changing.*

March 18, 2014

I have observed over the past few years at Infitec that there are certain people that have constantly kept the harassment towards Eloise.

Cindy Featherly, Christine Boland and Donna Kelly have been doing this since they first found out that Eloise was coming to work for Infitec. And in some cases it still exists.

I have heard conversation and things which have been said about Eloise, and it still happens to this day occasionally.

March 16, 2014

On behalf of Eloise Jackson I'm making this statement that I have
witnessed harassment against her in the time that I have been an
employed with Infitec.
On several occasions, I have over heard Christine Boland and Cindy
Featherly talking behind her back while she is out on vacations
or any other times that she has not been there in the area. I have
always heard them say how they can't wait for her to be gone and
how things never used to be that way before Eloise came back. In
my opinion, Eloise has ALWAYS been a very fair person and has done
her best to treat everyone equally as possible considering all of her
responsibilities there that are riding on her as she maintains a running
factory. At this point the harassment it still goes on and I feel as
though nothing is being done about it and they do not understand
nor appreciate all the hard work Eloise does to keep everyone's job
secure.

_Carla M. Choquette_
3/16/2014

**AUGUST R. BUERKLE, JR. M.D.**

183 INTREPID LANE • SYRACUSE, NY 13205
140 W. SIXTH ST. SUITE 180 • OSWEGO, NY 13126
457-4400 • FAX 457-3400

RE: Eloise Jackson

DATE: 4-3-14

DIAGNOSIS: Osteoarthritis Knee

The following applies to the above named patient:

_X_ Totally Disabled as of ___4-3-14___

___ Partially Disabled as of _____

___ May return to regular work on _____

___ May return to light duty on _____

___ Is unable to participate in Gym class _____

___ May return to Gym class on _____

**RESTRICTIONS INCLUDE**

A. Buerkle MD

# PAID VACATION TIME OFF REQUEST FORM

Employee Name: _Eloise Jackson_     Date: _3/26/14_

Dates Requested: _April 8, 9, 10     April 11th person day_

Comments: _____     Reviewed By: _S. Edwards_

Upon approval, your request will be scheduled. If denied, this form will be returned to you indicating the reason for denial.

**First America**

**Earnings Statement**    **ADP**

FIRST MANAGEMENT SERVICES LLC
600 VINE STREET SUITE 1200
CINCINNATI, OHIO 45202
PHONE 513-241-2200 EXT.0

| | |
|---|---|
| Period Beginning: | 06/07/2015 |
| Period Ending: | 06/13/2015 |
| Pay Date: | 06/19/2015 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal:    1
NY:    1

00000000489
ELOISE JACKSON
6112 COBBLESTONE DRIVE
CICERO NY 13039-0000

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.2200 | 30.68 | 589.67 | 11,930.41 |
| Charter Rate | | | | 69.14 |
| Meeting Pay | | | | 34.54 |
| Per Plus Attnd | | | | 150.00 |
| Retro Pay | | | | 30.70 |
| Safety And Trn | | | | 22.56 |
| Safety Bonus | | | | 125.00 |
| Shuttle | | | | 17.96 |
| Snow Day | | | | 121.09 |
| Wages-Shared | | | | 153.76 |
| **Gross Pay** | | | **$589.67** | 12,655.16 |

Your NY taxable wages this period are $589.67

**Important Notes**
ARE YOU PAYING A FEE TO CASH YOUR CHECK?    ASK IF
A PAYCARD IS AVAILABLE AT YOUR LOCATION

YOUR PAY STATEMENT IS AVAILABLE ONLINE AND VIA
ADP'S APP ONE DAY PRIOR TO YOUR PAY DATE

CHECK OUT YOUR WELLNESS BOARD FOR IMPORTANT
HEALTH INFORMATION

IF YOU HAVE A PROBLEM GETTING YOUR PAYCHECK
CASHED, CALL THE PHONE NUMBER ON YOUR PAYCHECK

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -61.41 | 1,357.90 |
| | Social Security Tax | -36.56 | 784.62 |
| | Medicare Tax | -8.55 | 183.50 |
| | NY State Income Tax | -21.23 | 474.45 |
| | **Other** | | |
| | Union Dues | -9.92 | 188.48 |
| | Union Init Fee | | 25.00 |
| **Net Pay** | | **$452.00** | |
| | Checking | -452.00 | 9,641.21 |
| **Net Check** | | **$0.00** | |

Your federal taxable wages this period are $589.67

© 2000 ADP, LLC

VERIFY DOCUMENT AUTHENTICITY · COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

**First America**

FIRST MANAGEMENT SERVICES LLC
600 VINE STREET SUITE 1200
CINCINNATI, OHIO 45202

| | |
|---|---|
| Advice number: | 000000250508 |
| Pay date: | 06/19/2015 |

Deposited to the account of
ELOISE JACKSON

| account number | transit ABA | amount |
|---|---|---|
| | | $452.00 |

**THIS IS NOT A CHECK**

**VOID**

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK · HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT