**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELOISE JACKSON,**

                **Plaintiff,**

                **v.**

**INFITEC, INC.,**

                **Defendant.**
_____

**5:15-cv-894**
**(GLS/TWD)**

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of K. Felicia Davis<br>P.O. Box 591<br>Syracuse, NY 13201 | K. FELICIA DAVIS, ESQ. |
| **FOR THE DEFENDANT:**<br>Mackenzie Hughes LLP<br>101 South Salina Street<br>Suite 600<br>Syracuse, NY 13202 | CHRISTIAN P. JONES, ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Eloise Jackson brings claims under Title VII of the Civil Rights Act (Title VII)[1] and the Americans with Disabilities Act (ADA)[2] against her former employer, Infitec, Inc.  (Am. Compl., Dkt. No. 9.)  Pending is Infitec's motion to dismiss and, in the alternative, motion for a more definite statement.  (Dkt. No. 24.)  For the following reasons, the motion to dismiss is denied, and the motion for a more definite statement is denied.

## II. Background

### A. Facts[3]

A detailed recitation of the facts is not necessary to resolve the instant motion.  In sum, Jackson alleges that Infitec subjected her to undue scrutiny and discipline that co-workers did not face, refused to accommodate her disability, and retaliated against her by forcing her to

---

[1] 42 U.S.C. §§ 2000e-2000e-17.

[2] 42 U.S.C. §§ 12101-12213.

[3] The facts are drawn from Jackson's amended complaint and presented in the light most favorable to her.

resign after she complained.  (Am. Compl. at 6.)

B. **Procedural History**

On July 22, 2015, Jackson filed a *pro se* complaint against four individuals at Infitec, including her manager and the company's owners, but did not name Infitec as a defendant.  (Compl., Dkt. No. 1.)  Magistrate Judge Thérèse Wiley Dancks granted Jackson's motion to proceed *in forma pauperis*, (Dkt. Nos. 5, 6), and, pursuant to 28 U.S.C. § 1915(e), reviewed her complaint, (Dkt. No. 6 at 2).  Magistrate Judge Dancks issued a Report and Recommendation recommending that "[Jackson] be granted leave to file an amended complaint naming Infitec, Inc. as defendant within thirty days from the filing of an order by the [court]" and that the action be dismissed with prejudice against the four individual defendants.  (*Id.* at 7.)[4]

On December 7, 2015, this court issued an order adopting the Report and Recommendation and gave Jackson thirty days to file an amended complaint.  (Dkt. No. 8.)  She did so on January 4, 2016,

---

[4] As Magistrate Judge Dancks explained, individuals are not subject to liability under Title VII or the ADA.  (Dkt. No. 6 at 5-6.)

3

naming Infitec as the sole defendant.  (Dkt. No. 9.)[5]  A summons was issued as to Infitec shortly thereafter on January 6, 2016, (Dkt. No. 11), but the United States Marshals were unable to serve Infitec, (Dkt. No. 15.)  A summons was reissued in April 2016, (Dkt. No. 16), and Infitec was served on April 18, 2016, (Dkt. No. 19).[6]  Infitec moved to dismiss, and, in the alternative, moved for a more definite statement.  (Dkt. No. 24.)  Thereafter Jackson obtained counsel, (Dkt. No. 31), and filed a response, (Dkt. No. 35), to which Infitec filed a reply, (Dkt. No. 40).

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  For a full discussion of the governing standard for Rule 12(b)(6), the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

The standard for a Rule 12(e) motion for a more definite statement is discussed below.

---

[5] After the Report and Recommendation but before the court's order adopting the same, Jackson attempted to file an amended complaint, which was stricken.  (Dkt. Nos. 7, 8.)

[6] After the United States Marshals were unable to serve Infitec, Magistrate Judge Dancks ordered Jackson to provide a current address for Infitec.  (Dkt. No. 15.)  Infitec was served thereafter.  (Dkt. No. 19.)

4

## IV.  **Discussion**

### A.  **Infitec's Motion to Dismiss**

Infitec argues that Jackson's claims should be dismissed as untimely. (Dkt. No. 24, Attach. 2 at 5-7.) "Title VII and the ADA require[] commencement of [a] civil action within 90 days of receipt of the EEOC's right-to-sue notice," and that time limit "begins to run upon plaintiff's receipt of the right-to-sue notice and operates as a statute of limitations." *Brown v. Research Found. of SUNY*, No. 08–CV–592, 2009 WL 1504745, at *7 (N.D.N.Y. May 28, 2009), *aff'd sub nom. Brown v. Research Found. of SUNY Oneonta*, 381 F. App'x 119 (2d Cir. 2010).

Infitec concedes that Jackson's complaint (which did not name Infitec as a defendant) was timely. (Dkt. No. 24, Attach. 2 at 5.) But Infitec argues that Jackson did not amend her complaint to add it as a defendant until January 4, 2016, which renders her amended complaint untimely. (*Id.* at 6.) Because none of the individual defendants named in Jackson's original complaint was ever served, Infitec argues that it had no notice of her lawsuit until it was served in April 2016, about a year after the EEOC right-to-sue notice was issued. (Dkt. No. 40 at 4.) The parties disagree as to whether Jackson's amended complaint "relates back" to

her original complaint under Fed. R. Civ. P. 15(c)(1) and is thus timely. (Dkt. No. 24, Attach. 2 at 6-7; Dkt. No. 35 at 2-5.)

The court agrees with Jackson that Rule 15(c)(1) applies and her amended complaint is timely. "Analysis of whether an amended complaint relates back to the original complaint must be considered in the context of the liberal relation back policy expressed in [Rule] 15(c) as well as the rule that *pro se* complaints must be liberally construed." *Husbands v. McClellan*, 957 F. Supp. 403, 406 (W.D.N.Y. 1997); *see Lettis v. U.S. Postal Serv.*, 973 F. Supp. 352, 363 (E.D.N.Y. 1997). "There are . . . three requirements . . . before an amended complaint that names a new party can be deemed to relate back to the original timely complaint." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001). "First, both complaints must arise out of the same conduct, transaction, or occurrence.  Second, the additional defendant must have been omitted from the original complaint by mistake.  Third, the additional defendant must not be prejudiced by the delay." *Id.*

Here, the first requirement is satisfied because Jackson makes the same allegations in her amended complaint as in her original complaint. (*Compare* Am. Compl., *with* Compl.)  Indeed, Infitec does not argue this

6

point.  Second, Infitec was omitted from the original complaint by mistake. *See VKK Corp.*, 244 F.3d at 128.  As a *pro se* plaintiff, Jackson's initial failure to sue Infitec cannot be considered a matter of choice; but for her mistake as to the technicalities of Title VII and ADA law, she would have named Infitec in her original complaint.  *See Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 37 (2d Cir. 1996); *Lettis*, 973 F. Supp. at 359.[7]

As for the third element, Infitec has failed to argue that it was prejudiced by the delay.  (Dkt. No. 24, Attach. 2 at 7; Dkt. No. 40 at 4); *see Pearson Educ., Inc. v. Allen Air Conditioning Co.*, No. 08 Civ. 6152, 2014 WL 2506294, at *2 (S.D.N.Y. May 5, 2014) (declining to dismiss action where "[d]efendants have shown no prejudice from now litigating a claim that relates back to the originally-pled [c]omplaint apart from the passage of time.").

Even if Jackson's amended complaint did not relate back, "equitable tolling permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on h[er] part [s]he was unable to sue before." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal

---

[7] Infitec cited a few cases to argue that the mistake element has not been satisfied, but none of them involves a *pro se* plaintiff, and the court finds them unconvincing.  (Dkt. No. 24, Attach. 2 at 6.)

7

quotation marks and citation omitted). Such is the case here because Jackson filed a timely complaint and, after being allowed by a court order to do so, filed an amended complaint. (Dkt. Nos. 1, 8, 9.) To dismiss Jackson's claims because she did not appreciate a legal technicality and ended up in a procedural perfect storm would be unfair and unjust—especially in light of Infitec's failure to suggest even an iota of prejudice. *See Jones v. King*, No. 10 Civ. 897, 2013 WL 815863, at *3 (S.D.N.Y. Mar. 4, 2013) (noting "strong preference that district courts resolve cases on the merits and precept that district courts exercise particular caution before dismissing [*pro se*] claims").[8]

## B.   Infitec's Motion for a More Definite Statement

As an alternative to dismissal, Infitec moves for a more definite statement under Fed. R. Civ. P. 12(e). (Dkt. No. 24, Attach. 2 at 3, 7-9.) "Whether to grant a motion for a more definite statement is in the discretion of the court." *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009). "Motions pursuant to Rule 12(e) are disfavored and

---

[8] Infitec also argues that Jackson's Title VII claim should be dismissed because her amended complaint fails to allege that she was discriminated against based on a category covered by Title VII. (Dkt. No. 40 at 3-4.) Infitec raises this argument for the first time in its reply brief, and thus the court will not consider it at this time. *See Konspore v. Friends of Animals, Inc.*, No. 3:10cv613, 2010 WL 3023820, at *1 n.3 (D. Conn. Aug. 2, 2010).

8

should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (internal quotation marks and citations omitted). "The rule is designed to remedy unintelligible pleadings, not to correct for lack of detail." *Kuklachev*, 600 F. Supp. 2d at 456 (internal quotation marks and citation omitted). "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." *Holmes v. Fischer*, 764 F. Supp. 2d 523, 532 (W.D.N.Y. 2011) (internal quotation marks and citation omitted).

Here, Jackson's amended complaint is not excessively vague nor ambiguous as to be unintelligible. *See Fraije v. Clinton*, No. 8:10–CV–514, 2010 WL 5464802, at *2-3 (N.D.N.Y. Dec. 29, 2010); *Greater N.Y. Auto. Dealers Ass'n*, 211 F.R.D. at 76. This conclusion is bolstered by the obligation to construe a *pro se* complaint liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Indeed, as a *pro se* litigant, Jackson "cannot be expected to act with the diligence or skill of an attorney." *Baptista v. Hartford Bd. of Educ.*, 427 F. App'x 39, 43 (2d Cir.

9

2011). Moreover, Infitec has not argued how it would be prejudiced in answering the amended complaint. (Dkt. No. 24, Attach. 2 at 7-9; Dkt. No. 40 at 5); *see Holmes*, 764 F. Supp. 2d at 532; *Patrick Dev., Inc. v. VIP Restoration, Inc.*, No. 09-CV-670A, 2010 WL 447390, at \*2 (W.D.N.Y. Feb. 2, 2010).

Infitec's "request that the [c]ourt direct [Jackson] to provide a concise, clearly-stated explanation of the acts and/or omissions alleged to have resulted in a deprivation of h[er] constitutional rights pursuant to 42 U.S.C. § 1983," (Dkt. No. 24, Attach. 2 at 8-9), does not fit the purpose of Rule 12(e). *See Kuklachev*, 600 F. Supp. 2d at 456. Nor has Infitec explained why it cannot seek this information in discovery. *See Holmes*, 764 F. Supp. 2d at 532; *Fraije*, 2010 WL 5464802, at \*4. Thus Infitec's motion for a more definite statement is denied.[9]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Infitec's motion to dismiss (Dkt. No. 24) is **DENIED**;

---

[9] The court notes that Jackson now has counsel, which she lacked when she filed her amended complaint. (Dkt. Nos. 9, 31.) With the benefit of counsel, in opposition to the motion for a more definite statement, Jackson expressed her amenability to further amendment. (Dkt. No. 35 at 5.) But the court will not consider granting further amendment until a properly-filed motion to amend is before it.

10

and it is further

    **ORDERED** that Infitec's motion for a more definite statement (Dkt. No. 24) is **DENIED**; and it is further

    **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 1, 2018  
Albany, New York

Gary L. Sharpe  
U.S. District Judge