**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ELOISE JACKSON,**

                **Plaintiff,**

        **v.**

**INFITEC, INC.,**

                **Defendant.**

**5:15-cv-894
(GLS/TWD)**

_____

## **SUMMARY ORDER**

     Plaintiff Eloise Jackson commenced this action *pro se*. (Compl., Dkt. No. 1.) On December 7, 2015, the court adopted an Order and Report-Recommendation (R&R), which granted Jackson's application to proceed *in forma pauperis* and found, upon initial review under 28 U.S.C. § 1915(e), that the original complaint appeared to assert a racial discrimination claim under Title VII of the Civil Rights Act as well as a disability discrimination claim under Title I of the Americans with Disabilities Act but recommended dismissal because Jackson named the wrong defendant. (Dkt. No. 6 at 5-7, Dkt. No. 8.) The court granted Jackson leave to file an amended complaint, and directed the Clerk to

submit it, if filed, to the Magistrate Judge for initial review pursuant to 28 U.S.C. § 1915(e).  (Dkt. No. 8 at 3.)

On January 4, 2017, Jackson, still *pro se*, filed the amended complaint.  (Am. Compl., Dkt. No. 9.)  In doing so, Jackson narrowed her pleadings to allege only that "[d]efendant's conduct is discriminatory with respect to . . . disability" and "[t]he conduct complained of in this action involves . . . [r]etaliation."  (*Compare* Am. Compl. ¶¶ 6-7, *with* Compl. ¶¶ 6-7.)  She explained that, after speaking with an attorney, she had come to the conclusion that her case "wasn't about [r]ace . . . it was more about . . . disability discrimination."  (*Id.* at 3.)  Before the Magistrate Judge could conduct an initial review of the amended complaint, defendant Infitec, Inc. moved for dismissal solely on statute of limitations grounds, and, in the alternative, for a more definite statement.  (Dkt. No. 24.)  On May 23, 2016, an attorney filed a notice of appearance on Jackson's behalf and later filed a response to Infitec's motion.  (Dkt. Nos. 31, 35-36.)

In its Memorandum-Decision and Order denying Infitec's motion, the court intimated that Jackson ostensibly brought claims under Title VII and

2

the ADA. (Dkt. No. 44 at 2.) However, given the nature of the motion under consideration, the court did not pin down Jackson's specific claims or address their merits.[1] (*See generally id.*) The court also neglected to correct Jackson's assertion in her response that "[the] [c]ourt has already decided that the complaint states a claim for which relief can be granted." (Dkt. No. 35 at 1.) To be sure, the court only conducted § 1915(e) review of Jackson's *original* complaint; it never ruled on whether the *amended* complaint—which was the operative pleading at the time Jackson made this assertion—stated a claim for which relief can be granted. Jackson has not moved to further amend her amended complaint despite expressing a willingness to do so. (Dkt. No. 35 at 5.)

All of the above history is relevant because it explains the current quagmire. Pending before the court is Infitec's motion for summary judgment, which relies on the faulty premise that Jackson's amended complaint asserts Title VII claims of disparate treatment, hostile work

---

[1] To its credit, Infitec noted in its reply papers that the amended complaint appeared to abandon any racial discrimination claims. (Dkt. No. 40 at 3-4, 5.)

3

environment, and constructive discharge based on race.  (Dkt. No. 63, Attach. 23 at 10-14, 16-25.)  In turn, Jackson predictably responds as if the amended complaint includes Title VII claims of disparate treatment, hostile work environment, and constructive discharge based on race.  (Dkt. No. 71 at 2-5, 13-17.)  However, the only claims articulated in the amended complaint are (1) a Title VII retaliation claim,[2] (2) an ADA discrimination claim, and (3) an ADA retaliation claim.  (Am. Compl. at 2-3.)  If Jackson wishes to add additional claims based on racial discrimination, she must demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4).  *See Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("[W]hen a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, that party must satisfy the good cause requirement of Fed. R. Civ. P. 16(b)—despite the lenient standard for amendment under Fed. R. Civ. P.

---

[2] Although Jackson abandons a Title VII racial discrimination claim in the amended complaint, she still appears to assert a Title VII retaliation claim.  (Am. Compl. at 1.)  The two claims are not co-dependent.  *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) ("A plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful[.]").

4

15(a)—before leave to amend may be granted."). Otherwise, the parties should focus only on claims that are actually asserted in the operative pleading. *See Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 224 (S.D.N.Y. 2013) ("A plaintiff may not pivot from its stated claims to new ones at the summary judgment stage simply because it inserted a few vague catch-all phrases into its pleadings.").

Further complicating things is Infitec's reliance on legal arguments aimed at non-existent claims to buttress the sections of its brief that actually pertain to pleaded claims. (Dkt. No. 63, Attach. 23 at 15-16.) As such, it is difficult to separate the baby from the bath water. Compounding the issue further still is the parties' failure to support a single assertion in their memoranda of law with a citation to their respective statements of material facts. (*See generally* Dkt. No. 63, Attach. 23; Dkt. No. 71.) N.D.N.Y. L.R. 7.1(a)(3) requires the moving party to "set forth, in numbered paragraphs, each material fact about which [it] contends there exists no genuine issue" and requires the same of the opposing party. "Implicit within th[is] rule . . . is the expectation that [the parties] will actually

5

cite to these paragraphs in their motion papers." *Abboud v. County of Onondaga*, 341 F. Supp. 3d 164, 169 n.6 (N.D.N.Y. 2018); *see Osier v. Broome County*, 47 F. Supp. 2d 311, 317 (N.D.N.Y. 1999) ("[The rule is] a simple, straightforward requirement designed to force litigants to focus sharply on the specific factual issues in dispute, and to enable the [c]ourt to move immediately to the gravamen of the case.") (internal quotation marks and citation omitted).

In light of the foregoing, Infitec's motion for summary judgment, (Dkt. No. 63), is denied with leave to renew in compliance with this Summary Order. To be clear, the court's observation about the claims asserted in the amended complaint says nothing about whether such claims can survive a properly filed motion to dismiss or a motion for summary judgment. Additionally, the court cannot stress enough that future memoranda of law should include cites to the relevant paragraph(s) in the corresponding statement of material facts to support each and every assertion made. The parties are on notice that failure to do so will be considered a violation of the Local Rules.

Accordingly, it is hereby

**ORDERED** that Infitec's motion for summary judgment (Dkt. No. 63) is **DENIED WITH LEAVE TO RENEW** within thirty (30) days of the issuance of this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 20, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge